IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRINA M. STANFORD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 23-663-RGA |
| | : | |
| CHIMES OF DELAWARE, et al. | : | |
| | : | |
| | : | |
| Defendants. | : | |

Trina M. Stanford, Wilmington, Delaware.  Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

April 19, 2024
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Trina M. Stanford appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 4).  She commenced this action on June 16, 2023.  (D.I. 2). The Court previously screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), found it to be nearly indecipherable and bereft of allegations against Defendant Chimes of Delaware, and dismissed the Complaint for failure to state a claim.  Plaintiff was given leave to file an amended complaint, and she did so.  (D.I. 10).  The Court now proceeds to screen the Amended Complaint.

## BACKGROUND

Although the Amended Complaint is more legible than the original Complaint, it is difficult to follow.  Plaintiff is a Native American; specifically, a member of the Lenni Lenape.  Plaintiff might be alleging that she is or was employed by Defendant Chimes of Delaware.  Along these lines, she appears to allege that she was assigned duties beyond what was expected, and she references "the organization/contract with job d[e]scriptions and a clear understanding of my duties."  (D.I. 10 at 5).  She then appears to allege retaliation, but it is unclear if she means that the apparent assignment of additional duties was the referenced retaliation, or that there was some other retaliatory conduct.  She further alleges that a Chimes employee emailed Plaintiff's doctor's office without Plaintiff's permission, in an invasion of her privacy and violation of the Fourth Amendment.

In addition to Chimes, Plaintiff names four individual Defendants, who appear to be Chimes employees.  She seeks $10 million in relief.

1

**LEGAL STANDARD**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed,

2

however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## DISCUSSION

To the extent Plaintiff seeks to bring claims for employment discrimination, she fails to state a claim.  As noted, it is unclear whether Plaintiff is alleging she is or was a Chimes employee.  Furthermore, employment discrimination claims would be subject to dismissal for an apparent failure to exhaust administrative remedies by lodging a complaint with the Equal Employment Opportunity Commission or Delaware Department of Labor.   42 U.S.C. § 2000e-5(e); *Churchill v. Star Enters., Inc.*, 183 F.3d 184, 190 (3d Cir. 1999).

With regard to the merits of any employment discrimination claims, the possible retaliation claim is unsupported by specific factual allegations that would satisfy the elements of such a claim.  *See Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249,

3

257 (3d Cir. 2017) (stating a retaliation claim under Title VII requires alleging that (1) the plaintiff engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action).  Plaintiff will be given leave to amend her potential employment discrimination claims against Defendant Chimes.  The individual Defendant employees, however, will be dismissed because the Third Circuit has rejected individual liability for Title VII claims.  *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc) ("Congress did not intend to hold individual employees liable under Title VII.").

Plaintiff's Fourth Amendment claim, which is based on her employer allegedly emailing her doctor without her permission, fails because the Fourth Amendment only applies to government actors.  *See Skinner v Railway Labor Execs. Ass'n*, 489 U.S. 602, 614 (1989) (noting that the Fourth Amendment does not apply to searches by private parties).  The Court also notes that there is no private right of action to bring a claim under the Health Insurance Portability and Accountability Act ("HIPAA").  *See Johnson v. WPIC*, 782 F. App'x 169, 171 (3d Cir. 2019) (per curiam); *Fatir v. Phelps*, 2019 WL 2162720, at *12 (D. Del. May 17, 2019).  To the extent that Plaintiff was attempting to bring a claim for invasion of privacy under Delaware law, her allegations fail to satisfy any of the four variations of that tort.  *See Barbieri v. News-Journal Co.*, 189 A.2d 773, 774 (Del. 1963) (noting that the four invasion of privacy torts are (1) intrusion on plaintiff's physical solitude; (2) publication of private matters violating the ordinary senses; (3) putting plaintiff in a false position in the public eye; and (4)

4

appropriation of some element of plaintiff's personality for commercial use); *see also*
*Fanean v. Rite Aid Corp. of Del., Inc.*, 984 A.2d 812, 821 (Del. Super. Ct. 2009).

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28
U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff will be given an opportunity to file a second
amended complaint, bringing her potential employment discrimination claims only.

An appropriate Order will be entered.